[Civ. No. 7892. Third Dist. Jan. 18, 1951.]

HERMAN H. BOSE, Appellant, v. JAMES R. MILLS, Respondent.

Bush & Ackley and Leo Milich for Appellant.

William C. Coffill for Respondent.

VAN DYKE, J.—Plaintiff and appellant herein brought this action to recover from defendant and respondent the sum of $1,000 with interest and attorneys' fees alleged to be owing and unpaid to appellant by virtue of a promissory note executed by respondent. That note was dated November 1, 1948, and by it respondent bound himself to pay the said sum of $1,000 to the order of Sara D. Bose, appellant's wife, or Herman H. Bose, appellant. The note was payable on demand.

The following appears from the evidence in the record: Appellant and Sara D. Bose were during all the time with which we are here concerned husband and wife. They lived at Long Barn in Tuolumne County where respondent ran a resort. Sara D. Bose was a part-time employee of respondent. Before this note was executed appellant and his wife had purchased war savings bonds, using their wages for that purpose. All of the bonds they purchased were payable to either of them and the bonds were kept in a metal box in their dwelling to which both had access. About the time this note was executed the wife took some of these bonds and sold them, obtaining therefor $1,000. She then loaned that sum to respondent and received from him the promissory

note upon which this action is based. It appears that this transaction was not disclosed by Sara to her husband and that he did not learn of it until some time in April of 1949, when he discovered the note in an old billfold tucked away beneath seldom-used household linens in a bureau drawer. Although appellant spoke to his wife about the transaction after he discovered the note, he said nothing to respondent and took no action in respect to it until on October 24th, when he mailed a letter to respondent, notifying him that he (appellant) ''was the holder of a note for $1,000'' against respondent which he asserted would become due and payable on October 30th following. This, he testified, was his interpretation of the due date of the note. He told respondent that the note was his (appellant's) individual property; that payment must be made to him not later than October 31st and must be in cash. About the time he received the letter, respondent spoke to appellant about it and told him that he had already repaid the money to appellant's wife. The record discloses that under date of September 30th respondent drew a check in favor of Mrs. Bose for the principal and interest upon the note and received from her a clearance of the obligation dated the same day, in which she stated that the note itself had been lost or stolen and could not be returned to the maker. The document stated that Mrs. Bose had received payment in full of the obligation and asserted that no further demands would be made upon respondent for that reason. In December, 1949, appellant began this action based upon the note, alleging it to be unpaid. After a trial before the court, findings of fact and conclusions of law favorable to defendant were made and drawn and judgment was given that appellant take nothing and that respondent was entitled to have the note delivered up for cancellation as having been fully paid and discharged. From that judgment this appeal is taken.

The findings of the trial court were as follows: The court found the execution of the note and its delivery to plaintiff's wife; that the note was paid by respondent to Sara D. Bose and the indebtedness represented thereby fully discharged by the check of respondent dated September 30, 1949, and cashed November 5th following; that when the note was paid on September 30th Sara gave to respondent a receipt for payment in full; that appellant had possession of the note for more than three months before the date of payment on September 30th and made no demand on respondent or gave

to him notice in any way that the money loaned to him was community property of appellant and his wife; that said money was community property but that respondent had no notice thereof and did not know whether the moneys were separate property of Sara or of Herman Bose; that on October 25th appellant notified respondent he was the holder of the note, that it was his individual property and payment must be made to him in cash; that in paying the note respondent acted in good faith without notice of appellant's claim of complete ownership and without notice that appellant had possession of the note; that respondent then believed in good faith that the note was lost, as stated to him by appellant's wife.

Appellant first contends the finding of the court that the note had been paid is unsupported by the evidence. We think this contention cannot be sustained. To be sure, there was evidence in the record from which the trial court might have determined that the check respondent gave in payment was in fact given after the receipt by respondent of appellant's demand that the money be paid to him. Thus respondent's checkbook was produced and it appeared that there were checks which bore higher numbers in the numerical order in which checks were drawn from the book than did the check given Mrs. Bose, and these higher numbered checks were dated later than was the check which respondent claimed was given to Mrs. Bose. It appeared also that Mrs. Bose did not cash the check she received until about one month after its date and after appellant's demand had been made upon respondent. It further appeared that during the intermediate time there had not at any time been funds in the bank sufficient to honor the check had it been presented. But these matters were explained satisfactorily to the trial court by respondent. Briefly, he testified he told Mrs. Bose that any time she wanted to cash the check she should let him know and he would put sufficient funds in the bank; that when he drew the check he drew it from the body of the book of check forms so that the fact it had been drawn would not be known to others since his checkbook was kept on the back bar at the resort. We feel that the trial court's findings as to the time the check was given to Mrs. Bose are supported by substantial evidence and are binding upon this court. But appellant further contends that the mere giving of the check did not discharge the obligation without an express agreement to that

effect, citing 19 California Jurisprudence 924. The rule is as stated by appellant, but both the form of the receipt given by Mrs. Bose and the oral testimony of respondent were sufficient to support the finding made by the trial court upon the point that the note was paid when the check was given and the receipt executed by Mrs. Bose. Respondent's testimony was squarely to the point that such express agreement was actually made when the check was delivered. It was competent for the trial court to find the ultimate fact of payment from the evidence. ■ Appellant contends the court's finding that respondent acted in good faith in believing the note was lost when he gave his check to Mrs. Bose is unsupported by evidence except such as is inherently improbable, but we cannot so characterize the testimony given. While Mrs. Bose was not called to the stand by either party, respondent testified that she told him the note was lost. We see nothing improbable in that. She desired, as named alternative payee in the note, to collect the same. She must have known respondent would expect to receive his note on payment thereof. She knew the same was then in the possession of her husband. There was nothing inherently improbable in her telling him the note was lost. There was nothing inherently improbable in his believing her assertion.

Appellant asserts that the judgment is against law and in support of this assignment of error he argues, first, that since the note was community personal property he, as the husband in the marital community, was entitled to sole management and control and that, therefore, when respondent paid Mrs. Bose after notice from appellant not to do so he acted at his peril and cannot claim that he had paid the note as against the suit of the husband. There is no question, of course, that under the provisions of the Civil Code in respect to community property the husband has the exclusive management and control of community personal property, with like absolute power of disposition other than testamentary, as he has of his separate estate. (Civ. Code, § 172.) ■ Appellant says further that even though it be held, as the trial court did, that the note had been paid before appellant gave notice to respondent that he had the note, and that payment must be made to him only, nevertheless, since respondent's check given in payment had not been cashed when that notice was received, it was incumbent upon respondent to stop payment of the check and make payment of the note to appellant. In this, however, we think appellant misconceives the effect of the

trial court's finding as to payment. Respondent had received the money from Mrs. Bose and had given to her his note payable either to her or appellant. At least until he received notice from her husband that the note was community property and that he was to pay only to the husband, he could pay the note to either of the two alternative payees. This the court found he did by his check. If that finding be supported, and we have held that it is, then the note as an existing obligation was discharged and was no longer a document conferring any rights upon either of the alternative payees. It was as dead in the hands of the husband as it would have been in the hands of the wife. By his belated notice appellant could not cast upon respondent any obligation to undo what had been done by stopping payment upon the check he had given in payment of the note. That check, having been given in payment, passed into the marital community as the only obligation outstanding against respondent.

Under this same assignment that the judgment is against law, appellant further contends that because respondent made payment on the note to Mrs. Bose at a time when she did not have physical possession of the instrument the payment was invalid and the note was not discharged. This contention also cannot be sustained. Appellant relies upon the rule that payment to the payee of a negotiable instrument, after it has passed before maturity into the hands of a holder in due course will not discharge the obligation. But the statement of the rule demonstrates that it does not apply here. Neither of the two named payees were holders in due course— the note had not been negotiated. It had not achieved the characteristics of a negotiable instrument in the hands of a holder in due course of trade. Therefore, respondent could, as he had promised to do, pay the debt to either payee while without notice of any claim from appellant that payment should be made only to him because community funds had been loaned. This he did; and, as has been said, the trial court held expressly that in doing so he acted in good faith and in reliance upon the representation of Mrs. Bose that the note had been lost.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.